UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Phoenix Group Home, LLC, et al.,

    Plaintiffs,

    v.

Anew Behavioral Health, LLC, et al.,

    Defendants.

Case No. 1:21-cv-00034

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on the Motion to Dismiss or, in the Alternative, to Stay this Action and Compel Arbitration filed by Defendants Jayson Pratt, Johnnie Matt Conn, Cathy Heid, Michael Boggs, and Brianna Newsome (collectively, "Employee Defendants").[1] (Doc. 21). Plaintiffs Phoenix Group Home, LLC and PATH Integrated Healthcare, LLC (collectively, "PATH") filed a Response in Opposition. (Doc. 25). Employee Defendants filed a Reply. (Doc. 26).

This matter is also before the Court on PATH's Motion for Leave to File a Surreply. (Doc. 27). Employee Defendants did not file a response in opposition, and the time to do so has passed. *See* S.D. Ohio Civ. R. 7.2(a)(2). As an initial matter, the Court will grant PATH's unopposed Motion for Leave to File a Surreply (Doc. 27) and consider the arguments presented in the Surreply attached thereto (Doc. 27-1).

---

[1] Defendants Anew Behavioral Health LLC of Ohio, Anew Behavioral Health LLC of New Hampshire, and Douglas Cales filed separate Answers to the Complaint. (Docs. 30, 31, 32).

I. BACKGROUND

PATH is a business offering mental health services to patients through offices in Ohio, Vermont, and New Hampshire, and, more recently due to the COVID-19 pandemic, through telehealth. (Doc. 1). PATH specializes in providing high quality, innovative behavioral health treatment. (*Id.* ¶ 13). Employee Defendants are PATH's former employees. (*Id.* ¶¶ 5-9). Defendant Pratt was PATH's former CEO; Defendant Heid was PATH's Executive Director of Human Resources and later transitioned into a role focusing on PATH's certification and accreditation; Defendant Conn was initially a Mental Health Therapist for PATH and PATH subsequently promoted him to Director of Operations of its Eastern Ohio Region; Defendant Boggs was PATH's Medical Director; and Defendant Newsome was one of PATH's office coordinators. (*Id.* ¶¶ 25-44).

PATH alleges that, prior to March 2020, and in violation of in violation of various employment and confidentiality agreements, Employee Defendants, led by Defendants Pratt and Heid, worked with Defendant Cales to establish an identical business that competes directly with PATH. (*Id.* ¶ 85). In March 2020, Employee Defendants and Defendant Cales formed Defendants Anew Behavioral Health LLC of Ohio and Anew Behavioral Health LLC of New Hampshire (collectively, "Anew"). (*Id.* ¶ 88). Anew is in the exact industry and geographic areas as PATH. (*Id.* ¶ 87). Specifically, Anew Ohio, is an Ohio limited liability company with an office near PATH's Ohio offices, and Anew New Hampshire is a New Hampshire limited liability company and works in New Hampshire, where PATH also has an office. (*Id.*) PATH alleges that, while Employee Defendants were each still employed at PATH, they diverted PATH's resources, time, confidential information, trade secrets, employees, and clients to Anew and for Anew's benefit. (*Id.* ¶¶ 104-133).

In July 2020, PATH signed on with G&A Partners ("G&A"), a professional employer organization, to handle PATH's administration of payroll and employee paid-time off. (Doc. 25-1, Gabbert Decl.). As part of the onboarding process with G&A, and at G&A's request, G&A implemented arbitration agreements with PATH employees. (*Id.*) Pertinent here, in July 2020, PATH required each Employee Defendant to sign an Arbitration Agreement to continue their respective employments with PATH. (Doc. 21-1, Pratt Decl.); (Doc. 21-2, Conn Decl.); (Doc. 21-3, Heid Decl.); (Doc. 21-4, Boggs Decl.); (Doc. 21-5, Newsome Decl.).[2] The Arbitration Agreements between PATH and Employee Defendants each provide, in pertinent part, that:

> The employee identified below ("Employee"), on the one hand, and Worksite Employer, PATH INTEGRATED HEALTH ("Company"), and G&A Partners and/or its affiliates ("PEO" or "G&A Partners"), on the other hand, agree to utilize binding arbitration as the sole and exclusive means to resolve all covered disputes that may arise by and between Employee and the Company and/or Employee and PEO, including but not limited to disputes regarding the application and selection process, the employment relationship, termination of employment, and compensation. "G&A Partners" refers to the G&A Partners legal entity through which Employee is paid. This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"). **All disputes covered by this Agreement will be decided by a single arbitrator through final and binding arbitration and not by way of court or jury trial.**
>
> **COVERED CLAIMS.** This Agreement is intended to be as broad as legally permissible. Except as otherwise provided in this Agreement, Employee, the Company, and PEO agree that any claim, dispute, and/or controversy that Employee may have against the Company (or its owners, directors, officers, managers, employees, or agents), or PEO (or its owners, directors, officers, managers, employees, or agents), or that the Company or PEO may have against Employee, shall be submitted to and determined exclusively by final and binding arbitration.
>
> . . .

---

[2] Defendant Newsome does not have a copy of her Arbitration Agreement with PATH and thus could not attach it to her declaration. (Doc. 21-5). She states, and PATH does not respond otherwise, that her Arbitration Agreement is identical to the other four Employee Defendants' Arbitration Agreements in this matter. (*Id.*)

> The arbitrator—and not any federal, state, or local court or agency—will have exclusive authority to resolve any dispute relating to the scope, applicability, validity, enforceability or waiver of this Agreement.[3]
>
> . . .
>
> **PROCEDURES AND RULES**. Unless otherwise agreed to by the parties, the arbitration will be held under the auspices of the American Arbitration Association ("AAA"), and except as provided in this Agreement or otherwise agreed to, will be under the then current Employment Arbitration Rules of the AAA ("AAA Rules") (the AAA Rules are available via the internet at www.adr.org/employment).

(Doc. 21-1) (emphasis in original); (Doc. 21-2) (emphasis in original); (Doc. 21-3) (emphasis in original); (Doc. 21-4) (emphasis in original); see (Doc. 21-5).

PATH terminated Defendants Pratt, Heid, and Boggs in December 2020. (Doc. 1 ¶ 134). Defendant Conn resigned in January 2021. (*Id.* ¶ 142). It is unclear when Defendant Newsome stopped working for PATH. PATH alleges that, after their terminations, Employee Defendants deleted and/or altered PATH's files to avoid detection and continued to steal PATH's clients, confidential information, and employees. (*Id.* ¶¶ 144-64, 165-81).

On January 15, 2021, PATH filed its Complaint in this matter in this Court. (Doc. 1). The Complaint brings 14 claims against the various Defendants. (*Id.*) In particular, it alleges breach of contract against Defendants Pratt, Heid, Conn, Boggs, and Newsome, (Counts 1-5); breach of fiduciary duties against Defendants Pratt, Conn, and Heid (Count 6); breach of the duty of good faith and loyalty against Employee Defendants (Count 7); violation of the Defend Trade Secrets Act and Ohio Uniform Trade Secrets Act against all Defendants (Counts 8 and 9); violation of the Computer Fraud and Abuse Act against all Defendants (Count 10); tortious interference with contract and business expectancy against all

---

[3] The Court will refer to this paragraph of the respective Arbitration Agreements as the delegation provisions.

4

Defendants (Count 11); conversion against all Defendants (Count 12); unjust enrichment against all Defendants (Count 13); and civil conspiracy against all Defendants (Count 14). (Doc. 1). In response, Employee Defendants filed their Motion to Dismiss or, in the Alternative, to Stay this Action and Compel Arbitration. (Doc. 21).

Additionally, during the period in which the parties completed the briefing on the Motion to Dismiss, they also submitted, and the Court subsequently issued, a Consent Injunction. (Doc. 24). The Consent Injunction, inter alia, places multiple restrictions on all Defendants, including restrictions regarding the soliciting or contacting PATH clients for certain reasons, soliciting or interfering with the employment of PATH employees and independent contractors, the use of PATH's information, and establishing, opening, or operating any physical locations or offices for any Defendants within 25 miles of a PATH location other than at an existing Anew location. (*Id.*)

## II. ANALYSIS

The proper vehicle for dismissing a case in favor of arbitration is pursuant to Federal Rule of Civil Procedure 12(b)(6). "A party's 'failure to pursue arbitration' in spite of a compulsory arbitration provision means that the party 'has failed to state a claim [upon which relief can be granted.]'" *Knight v. Idea Buyer, LLC*, 723 F. App'x 300, 301 (6th Cir. 2018) (quoting *Teamsters Local Union 480 v. United Parcel Serv., Inc.*, 748 F.3d 281, 286 (6th Cir. 2014)). In reviewing a Rule 12(b)(6) motion, a court ordinarily would examine the complaint to determine whether it contained "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014). Here, though, the issue is not whether

5

PATH has viable claims, but, instead, concerns whether this Court or an arbitrator should hear those claims. *See Great Am. Ins. Co. v. Johnson Controls, Inc.*, No. 1:20-cv-96, 2020 WL 4569126, at *5 (S.D. Ohio Aug. 7, 2020).

On a Rule 12(b)(6) motion, a district court "may consider exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (internal quotation marks and citation omitted). The Court's ability to consider supplementary documentation has limits, however, in that it must be "clear that there exist no material disputed issues of fact concerning the relevance of the document." *Mediacom Se. LLC v. BellSouth Telecomms., Inc.,* 672 F.3d 396, 400 (6th Cir. 2012) (internal quotation marks and citation omitted). Here, PATH did not attach the Arbitration Agreements to its Complaint. However, there is no material disputed issue of fact that the Arbitration Agreements, referred to in and attached to the Motion to Dismiss or Compel, are relevant to the question presented to the Court for review. *See Spurlock v. Carrols LLC*, No. 1:20-cv-1038, 2021 WL 2823430, at *3 (S.D. Ohio July 7, 2021); *Pinnacle Design/Build Grp., Inc. v. Kelchner, Inc.*, 490 F. Supp. 3d 1257, 1262 (S.D. Ohio Sept. 28, 2020).

Turning to a court's consideration of a motion to compel arbitration, when considering such a motion, a court has four tasks:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Spurlock*, 2021 WL 2823430, at *2*-3 (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)).

Additionally, "[a]rbitration is a matter of contract and a party can not be required to submit to arbitration any dispute which he has not agreed so to submit." *Retail Clerks Int'l Ass'n, Local Unions Nos. 128 & 633 v. Lion Dry Goods, Inc.*, 341 F.2d 715, 719 (6th Cir. 1965). "Arbitration under the [Federal Arbitration] Act is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit." *Volt Info. Sciences v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989). Indeed, "[t]he Act allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527 (2019) (citing *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-70 (2010)). "This Court has consistently held that parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence. *Id.* at 530 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)); *McGee v. Armstrong*, 941 F.3d 859, 866 (6th Cir. 2019). In the Sixth Circuit, "incorporation of the AAA Rules (or similarly worded arbitral rules) provides 'clear and unmistakable' evidence that the parties agreed to arbitrate 'arbitrability.'" *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 846 (6th Cir. 2020), *cert. denied sub nom. Piersing v. Domino's Pizza Franchising LLC*, 141 S. Ct. 1268 (2021); *accord Ciccio v. SmileDirectClub*, LLC, 2 F.4th 577, 582 (6th Cir. 2021) ("By incorporating the AAA rules, the parties agreed that an arbitrator would decide gateway questions of arbitrability.").

Employee Defendants argue that all claims against them fall under the Arbitration Agreements, those agreements are valid, and any question of arbitrability must be decided

by an arbitrator. (Docs. 21, 26). PATH does not dispute that the parties entered into the Arbitration Agreements. (Docs. 25, 27-1); *see Stout*, 228 F.3d at 714. Instead, PATH argues that "[t]he Arbitration Agreements were induced by Defendants' fraud and were therefor void ab initio," and, thus, any question of arbitrability must be decided by the Court. (Doc. 25 PageID 562); (Doc. 27-1). The question for this Court then is whether there is "clear and unmistakable" evidence in the Arbitration Agreements that the parties agreed to arbitrate "arbitrability." *See Blanton*, 962 F.3d at 845. The Court finds that there is such evidence. The Arbitration Agreements' express incorporation of the AAA Rules into the Arbitration Agreements, including a link to the AAA's website, is sufficient evidence for this Court to find that the parties "clearly and unmistakably" agreed to arbitrate "arbitrability." See *Ciccio*, 2 F.4th at 582; *Blanton*, 962 F.3d at 845; *Pinnacle Design/Build Grp., Inc.*, 490 F. Supp. at 1264; *see also* (Doc. 21-1); (Doc. 21-2); (Doc. 21-3); (Doc. 21-4); (Doc. 21-5). Thus, whether PATH's claims against Employee Defendants fall within the scope of the Arbitration Agreements is a preliminary question for the arbitrator, not this Court, to decide.

This holding is further supported by the fact that PATH's arguments regarding the validity and enforceability of the Arbitration Agreements do not specifically challenge the Arbitration Agreements' delegation provisions and, instead, focus on the Arbitration Agreements as a whole. *See Rent-A-Ctr., W., Inc.*, 561 U.S. at 71 ("even . . . where the alleged fraud that induced the whole contract equally induced the agreement to arbitrate which was part of that contract—we nonetheless require the basis of challenge to be directed specifically to the agreement to arbitrate before the court will intervene."); *see also* (Docs. 25, 27-1); *cf. Blanton*, 962 F.3d at 845 n.1 (explaining that *Rent-A-Center* "treat[ed] the broader arbitration agreement as separate from the specific agreement to arbitrate 'arbitrability' and distinguish[ed] between challenges to the former and challenges to the

latter"). In short, the question of arbitrability here must be decided by the arbitrator as the parties clearly and unmistakably provided for such in the Arbitration Agreements' delegation provisions, and PATH does not specifically challenge those delegation provisions.

Further, and as PATH brings federal statutory claims against Employee Defendants, the Court must consider whether Congress intended those claims to be nonarbitrable. *See Stout*, 228 F.3d at 714. The Complaint includes claims against Employee Defendants under the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. (Doc. 1 ¶¶ 312-29, 338-48). PATH does not argue that Congress intended claims under either statute to be nonarbitrable (Docs. 25, 27-1), and the Court finds that PATH's federal statutory claims are arbitrable, *see Hortonworks, Inc. v. Daher*, No. 2:18-cv-516, 2019 WL 926027, at *3 (S.D. Ohio Feb. 26, 2019) (Defend Trade Secrets Act); *TravelClick, Inc. v. Open Hospitality Inc.*, No. 04 Civ. 1224(RJH), 2004 WL 1687204, at *5 n. 4 (S.D.N.Y. July 27, 2004) (Computer Fraud and Abuse Act).

Finally, the Court finds that a stay of PATH's case against Employee Defendants, versus dismissal, is appropriate, as arbitration may not resolve all of the claims at issue, *e.g.*, if the arbitrator determintes that the underlying dispute is not arbitrable. *See* 9 U.S.C. § 3; *Stout*, 228 F.3d at 714; *Anderson v. Charter Commc'ns, Inc.*, No. 20-5894, 2021 WL 2396231, at *5 (6th Cir. June 11, 2021); *Spurlock*, 2021 WL 2823430, at *6.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that PATH's Motion for Leave to File a Surreply (Doc. 27) is **GRANTED** and PATH's Surreply (Doc. 27-1) is deemed to be properly filed. It is further hereby **ORDERED** that Employee Defendants' Motion to Dismiss or, in the Alternative, to Stay this Action and Compel Arbitration (Doc. 21) is **DENIED in PART**, with respect to the motion to dismiss, **and GRANTED in PART**, with respect to the

motion to stay and compel arbitration. This matter is **STAYED** with respect to PATH's claims against Employee Defendants. The Court **COMPELS** PATH and Employee Defendants to arbitrate PATH's claims against Employee Defendants according to the terms of their Arbitration Agreements. PATH and Employee Defendants parties **SHALL** notify the Court within 14 days upon the conclusion of arbitration. PATH's claims against Defendants Anew and Cales remain pending before the Court. The Consent Injunction between all parties remains in effect and the Court retains jurisdiction concerning the Consent Injunction's enforcement. (Doc. 24 §§ 3, 7, 20); *see Dealer Specialties, Inc. v. Piper*, Case No. 1:18-cv-252 (Doc. 20 PageID 373-74) (explaining that several courts have held that district courts retain equitable jurisdiction to consider preliminary injunctive relief pending arbitration).

    **IT IS SO ORDERED.**

    _/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court